IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN ANDERSON, | : |
| | : |
| Petitioner | : CIVIL NO. 4:CV-05-00163 |
| | : |
| v. | : (Judge Jones) |
| | : |
| PENNSYLVANIA BOARD OF | : |
| PROBATION AND PAROLE | : |
| | : |
| Respondent | : |

## **O R D E R**

April 26, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, Steven Anderson ("Petitioner" or "Anderson"), an inmate formerly confined in the State Correctional Institution, in Albion, Pennsylvania, ("SCI-Albion"), filed this Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254.  (Rec. Doc. 1).  He challenges a decision of the Pennsylvania Board of Probation and Parole ("Board") to deny him parole.  For the reasons that follow, the Petition will be denied.

**Statement of Facts**

On November 26, 2002, Anderson was sentenced in the Court of Common Pleas of Monroe County, to a one (1) to three (3) year term of imprisonment for access device

fraud. (Rec. Doc. 16, Ex. A, Sentence Status Summary). His minimum sentence expired on November 26, 2003 and his maximum sentence expired November 26, 2005. Id. Petitioner was considered for, and denied, parole on December 8, 2003 and July 23, 2004. (Rec. Doc. 16, Ex. C, Board decisions). Neither of these decisions indicate an increase in Petitioner's maximum sentence date of November 26, 2005. Id.

Petitioner initially filed the instant action in the United States District Court for the Western District of Pennsylvania. (Rec. Doc. 1). His Petition challenges the Parole Board's July 23, 2004 denial of parole on the basis that Petitioner needs to participate in a treatment program for sex offenders. Id. Specifically, he claims that the he "was given a sentence enhancement by the Parole Board because of a prior sex offense case served in New York State;" an offense that Petitioner claims is "nothing related to his Pennsylvania charge." Id. Petitioner's case was subsequently transferred to the United States District Court for the Middle District of Pennsylvania. Id.

On January 25, 2005, the Board granted Anderson parole, based upon, inter alia, Petitioner's completion of a treatment program for sex offenders. (Rec. Doc. 16, Ex. C, Notice of Board Decision).

**Discussion**

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz

v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); see also Rauso v. Vaughn, 79 F. Supp.2d 550, 551 (E.D. Pa. 2000)(the federal Constitution does not create an entitlement to parole).  Furthermore, it has been held that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rodgers v. Parole Agent SCI- Frackville, Wech, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D.Pa. 1993).  However, the United States Court of Appeals for the Third Circuit has held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980).  Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id.  Consequently, a federal court may review a decision by a state parole board for an abuse of discretion.  Id.  Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

In <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

<u>Id.</u> at 488-89.

Moreover, even if an inmate successfully completes a treatment program, Pennsylvania's parole scheme does not create a predictable expectation of parole upon completion of a rehabilitation program. <u>Charles v. Witman</u>, Civ. No. 3:CV-94-1713, slip op. at 3 (M.D. Pa., July 20, 1995) (J. Vanaskie). Furthermore, the Board is the sole determiner as to whether an inmate is rehabilitated and able to serve the remainder of his sentence on parole. <u>Myers v. Ridge</u>, 712 A.2d 791, 794 (Pa.Cmwlth. 1998) ("It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the

4

remainder of his sentence outside the confines of prison."); Carter v. Muller, 45 F.Supp.2d 453, 457 (E.D. Pa., 1999) (quoting 61 P.S. §331.19 ("considering a prisoner's participation in treatment is entirely consistent with the Parole Board's duty to 'procure information as full and complete as may be obtainable with regard to the character, mental characteristics, habits, antecedents, connections, and environment' of the prospective parolee.")); see also Weaver v. Pennsylvania Bd. of Probation and Parole, 688 A.2d 766, 775 (Pa.Commw.Ct. 1997) ('the Board's requirement that he receive treatment and be 'cured' prior to being released on parole ... is a legitimate requirement imposed by the Board to ensure that a prisoner is suitable for parole").

Anderson does not allege that he was denied parole on the basis of his race, religion or ethnicity. As previously noted, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility. Consequently, it cannot be concluded that the Board's July 2004 decision to deny Anderson parole, and require him to participate in a sex offender's program, was based upon constitutionally impermissible reasons.

Moreover, none of Anderson's parole denials indicate a change in his maximum sentence date. In fact, Petitioner's release on November 26, 2005, his maximum sentence date, clearly disputes Petitioner's argument that his sentence was "enhanced" by his requirement to participate in a sex offender's program. Thus, his claims are without

5

merit.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus (doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a Certificate of Appealability.


S/John E. Jones III
John E. Jones III
United States District Judge
